UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20688-CR-GAYLES

**UNITED STATES OF AMERICA**

vs.

**WILLIAM LOZANO-BUSTOS,**

    **Defendant,**

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT LOZANO-BUSTOS' MOTION TO REDUCE SENTENCE

#### Introduction

Defendant William Lozano-Bustos has filed a motion asking to have his sentence reduced to "time served" under the provisions of "compassionate release" established by 18 U.S.C. §3582(c)(1)(A), and further defined by U.S. Sentencing Guideline Section §1B1.13. However, the information the defendant has provided in the form of exhibits to his motion show that he is not entitled to relief.

#### Offense Conduct and Procedural History

The defendant was extradited from Colombia on an indictment charging him with several related drug offenses. He pled guilty to importation into the United States of more than one kilogram of heroin, and was held responsible at sentencing for importing 12 kilograms of heroin. Notably, this was the defendant's second major drug offense. In 2008, he was prosecuted for the same type of offense in the Eastern District of New York, and was sentenced to 108 months

imprisonment.

His guideline range, according to his PSI Report, was 135 to 168 months. He was sentenced only to the mandatory minimum penalty of ten years in prison. The United States did not object to this below-guidelines sentence, in view of the fact that when first confronted by law enforcement in Colombia, the defendant had attempted to cooperate with law enforcement. He provided considerable and accurate information about his accomplices and co-conspirators. By that time, however, law enforcement already had obtained that information from other sources, so it was not of any real value to the United States and could not provide grounds for a substantial assistance motion.

## Legal Analysis

The requirements for compassionate release under 18 U.S.C. §3582 are by now well-known to every attorney and judge handling criminal cases in federal court. As relevant to the instant motion, the defendant must show that he is suffering from a debilitating health condition that interferes with his ability to provide self-care in prison, or the Director of the Bureau of Prisons otherwise determines there to be to be an extraordinary and compelling reason to reduce the defendant's sentence (USSG §B1.13, Application Note 1(A) and (D)). Before filing a motion for a compassionate release reduction with the court, a defendant must first seek such relief administratively with the Bureau of Prisons. He must also show that he does not pose a danger to the community (USSG §1B1.13 (2)).

The United States accepts that the defendant has sufficiently sought relief within the Bureau of Prisons, and his request has been denied, thus opening the door for the court to consider his motion. However, the United States opposes his motion substantively.

The United States holds the position that this defendant cannot show that he is not a danger to the safety of the community. In 2008 the defendant was sentenced to nine years in prison for importing heroin in 2003. Twelve years later, in 2015, he did the same thing again, but on a larger scale, involving several more kilos of heroin. Given that the burden is on the defendant to establish that he will not be a danger to the community if released, he cannot overcome the weight of his own criminal record.

Moreover, the defendant has not shown that he has a medical condition justifying compassionate release. He describes a long list of health issues, and is taking numerous types of medication, primarily for heart conditions. Many, such as aspirin, Losartan, and Atorvastatin, are very commonly prescribed for ailments such as high cholesterol and high blood pressure. However, the defendant neither claims nor demonstrates that his various medical conditions are so debilitating as to meet the established standards supporting release. Nor do his extensive medical records indicate any debilitation sufficient to "substantially diminish" his ability to care for himself in the prison environment. Instead, the defendant claims, with extensive references, that the danger that these conditions may lead to a fatal result if he contracts a COVID-19 infection justify his release.

The United States has previously agreed that certain specific medical conditions, such as hypertension, that have a high degree of co-morbidity with COVID-19, can constitute "extraordinary and compelling "reasons" for release from prison. One of the principle reasons for this position was the high risk to inmates of infection in the somewhat crowded and confining conditions of most prisons. Such conditions presented difficulties in controlling any outbreak of COVID-19.

Under current conditions, however, that is no longer the case. The official website of the Bureau of Prisons, *www.BOP.Gov,* in its Population Statistics Sections, notes that as of July 20, 2021, 83,000 inmates have received COVID-19 vaccinations. With an inmate population of 135,000, this constitutes an 80% vaccination rate – considerably higher than the United States population at large. The spread of COVID-19 infections in the Bureau of Prisons that underpinned many previous opinions, by courts and in various media, supporting liberal release policies, has thus been halted.

Additionally, the defendant's own medical records, attached as an exhibit to his motion, show that he received a COVID vaccination, on April 18, 2021 (D.E. 340, pg. 25). Hence, he is no longer in any appreciable danger of a COVID infection.

Even with the recent spread of the especially contagious Delta variant, vaccinated individuals are nearly completely safe. As reported in an AP News article online (*APNews.com/article/coronavirus-pandemic-health*) dated June 29, 2021, U.S. Centers for Disease Control (CDC) Director Rochelle Walensky stated that COVID vaccines are so effective that "nearly every death, especially among adults, due to COVID-19 is, at this point, entirely preventable." The article's authors culled through government health statistics to determine that "Nearly all COVID-19 deaths in the United States are now in people who weren't vaccinated …" The article further explained that "an Associated Press analysis of available government data from May shows that breakthrough infections in fully vaccinated people accounted for fewer than 1,200 of more than 107,000 COVID-19 hospitalizations. That's about 1.1%."

This data was corroborated by information reported in a Washington Post article on July 20, 2021 (*WashingtonPost.com/health/interactive/2021/unvaccinated-dase-rate-delta-surge*).

Mark Williams, dean of the College of Public Health at the University of Arkansas for Medical Sciences (in one of the currently hard-hit states) observed that "98% of hospitalized individuals with COVID in Arkansas are unvaccinated."

The same article also quoted William Powderly, an infectious disease specialist and director of the Institute for Public Health at Washington University in St. Louis, who stated that "The people who need to come to hospital, who end up in the intensive care unit, and the people who die are almost exclusively unvaccinated individuals."

In other words, defendant Lozano-Bustos does not now suffer from any condition posing a serious risk to his health if he remains incarcerated. He is fully protected against COVID-19 infection and is living amongst a population with a considerably higher percentage of similarly protected people than the U.S. population at large. He thus fails to meet the most significant requirement to qualify for compassionate release.

## Conclusion

The defendant's motion must fail on two separate grounds. First, he cannot show an extraordinary and compelling reason for his release, and second, he cannot show that he would not be a danger to the community if released. His motion should therefore be denied.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: /s Frank H. Tamen
FRANK H. TAMEN
Assistant United States Attorney
Florida Bar No. 0261289
99 NE 4th Street, Ste. 700
Miami, Florida 33132

5

                 Tel: (305) 961-9022
                 Fax: (305) 536-7213
                 Frank.Tamen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2021, I mailed a copy of this <u>Response</u> to William Lozano-Bustos, Reg. No. 64386-004 at Giles W. Dalby Correctional Institution, 805 North Avenue F, Post, TX  79356.

        By: <u>/s/ Frank H. Tamen</u>
           Frank H. Tamen
           Assistant United States Attorney