UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CR-20688-GAYLES

UNITED STATES OF AMERICA

    Plaintiff,

v.

**WILLIAM LOZANO-BUSTOS**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant William Lozano-Bustos' Motion for Reduction in Sentence and/or Compassionate Release (the "Motion") [ECF No. 340]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

### BACKGROUND

Defendant is a 52-year-old male[1] incarcerated at the Butner Low Federal Correctional Institution ("Butner Low FCI") in North Carolina with a projected release date of December 26, 2024.[2] On September 13, 2019, the Court sentenced Defendant to a 120-month term of imprisonment, including credit for time served from his original arrest date of June 19, 2016 in Colombia, a 5-year term of supervised release, and a $100 special assessment, for importation of one kilogram or more of heroin, in violation of 21 U.S.C. § 952(a). [ECF No. 311].

---

[1] Defendant was 51 years old at the time he filed the instant Motion.
[2] When Defendant filed the instant Motion, he was housed at Giles W. Dalby Correctional Facility ("Giles"). The Court's review of the Bureau of Prison's Inmate Locator indicates that Defendant is now housed at Butner Low FCI.

On November 2, 2020, the Warden at Giles denied Defendant's request for compassionate release. [ECF No. 340 at 127]. Defendant now files the instant Motion, asking the Court to reduce his remaining sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues that his age and alleged medical conditions, along with the current pandemic, warrant his immediate release. Even accepting as true that Defendant suffers from the health conditions listed in his Motion, a reduction of his sentence is not warranted for the reasons discussed below.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If a defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, to grant the Motion, the Court must make specific findings that: (1) the 18 U.S.C. § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling

reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 757 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant has exhausted his administrative remedies. [ECF No. 343 at 2]. However, the Court denies the Motion because the § 3553(a) factors do not weigh in favor of his release.

Section 3553(a) requires a court to impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public," (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

The Court considered the § 3553(a) factors when it sentenced Defendant to a 120-month term of imprisonment for his importation into the United States of at least 12 kilograms of heroin. [ECF No. 305 at ¶ 4]. The Court finds that reducing his sentence to time served will not reflect the seriousness of the offense, afford adequate deterrence, or protect the public. Prior to his current conviction, Defendant was convicted in the Eastern District of New York for similar offenses: (1) one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin; and (2) one count of conspiracy to import more than one kilogram of heroin. *Id.* at ¶ 81.

Defendant was released from imprisonment and removed from the United States to Colombia in 2011. Just four years later, Defendant was indicted in the instant case. *See* [ECF No. 3].

Moreover, Defendant's medical conditions and the current pandemic do not alone support a modification of his sentence based upon the § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. June 1, 2020) (holding that defendant's medical condition and the COVID-19 outbreak—the only bases for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification under the § 3553(a) factors). Accordingly, the Court finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reduction in Sentence and/or Compassionate Release, [ECF No. 340], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of August, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE