UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-20688-CR-GAYLES

UNITED STATES OF AMERICA

vs.

WILLIAM LOZANO-BUSTOS,

           Defendant,

_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR SENTENCE REDUCTION AND
COMPASSIONATE RELEASE

Introduction

Defendant William Lozano-Bustos has filed a motion seeking a reduction in his sentence

based on multiple legal grounds, including compassionate release under 18 U.S.C. §3582, the First

Step Act, and Sentencing Guideline Section 5K1.1.  None of these provisions is relevant to his

motion, which has neither legal nor factual support.

Statement of the Case

In June 2015, the defendant pled guilty to importation of one or more kilograms of heroin

into the United States.  His plea agreement (D.E. 294) specified that his relevant offense conduct

entailed a total of twelve kilograms of cocaine.  The plea agreement also contained a cooperation

clause.  The Factual Proffer he signed (D.E. 295) related how he was directly involved in two

separate shipments of heroin into the United States , the first consisting of one kilogram and the

second consisting of eleven kilograms.

At his sentencing haring the court found, without objection, that his guideline range was

135 to 168 months.  This was based on the drug quantity; the fact that the defendant had a prior

heroin importation conviction, and he was on non-reporting supervised release from that case when he committed the instant offense.

The defendant sought a sentence below the guideline range based on significant information the defendant had provided to United States law enforcement after his arrest in Colombia.  However, the United States responded that this information did not provide a basis for a "substantial assistance" reduction in sentence, because the United States Government was already aware of all that information, from other sources, and had taken action based on those sources.  The defendant's contribution came too late to be of any value.

The court then decided to vary downward in the defendant's sentenced, based on his effort to cooperate, which the Government validated as having been truthful and accurate even if not useful.  He was sentenced to 120 months, the statutory mandatory minimum.

## Legal Memorandum

The defendant refers to a hodge-podge of laws as a basis for his motion, but none of them are even remotely applicable.  The First Step Act allows for sentence reductions for prisoners in certain cases when the guideline range applicable to their offense was subsequently lowered.  The guideline range for 12 kilos of heroin has not changed.  In 2015 the Drug Quantity Table in USSG § 2D1.1 for between 10 and 30 kilograms of heroin was placed at Level 34; in 2022 it is still at Level 34.

The provisions of Sentencing Guideline 5K1.1 allow a reduction in a defendant's sentence below the guideline range to reward "substantial assistance" in the investigation or prosecution of another offender.  Title 18 U.S.C. §3553(e) (which the defendant does not cite) allows for a sentence to be reduced on this basis after it was imposed.  However, as undersigned Government counsel explained to the court at the defendant's sentencing, the defendant's cooperation was of

no assistance to law enforcement.  His intent was sincere and his information was accurate, but since the Government already had obtained it from other sources and acted on it, it was of no practical value.  Hence there is no factual basis on which the court could grant a reduction for substantial assistance.

Lastly, the defendant attempts to obtain "Compassionate Release" pursuant to 18 U.S.C. §3582.  On this claim, he also totally fails to qualify.  That statute at §3582(c) notes that a court may *not* alter a previously-imposed sentence of imprisonment, with only limited exceptions, delineated in that statute.  The defendant's assertion that he has demonstrated post-sentence rehabilitation, and the discussion he undertakes about sentencing reform, are not encompassed within those exceptions.  He has therefore failed to even assert a basis that would give the court jurisdiction to reduce his sentence, let alone proven one.

It must be noted that the defendant previously filed a motion under §3582 (D.E. 340).  That motion was based on health issues which the defendant claimed created "extraordinary and compelling reasons" for his sentence to be reduced.  The government disputed the defendant's claim that his health was endangered by various pre-existing health conditions that he asserted increased his risk of dying from a COVID-19 infection.  At the present time  the risks from COVID are much less than they were then, at the height of the pandemic.  The defendant does not even explain in his instant motion what medical conditions he is relying on as posing a danger to his health.  Lacking such, his motion does not warrant further consideration.

Moreover, the court denied the defendant's prior Compassionate Release motion on the grounds that he could not meet one of the necessary conditions for release – proving that he would not pose a danger to the community if released.  The court based its conclusion on the fact that the defendant had previously been convicted of a heroin offense, and only four years after his release

from prison on that case he committed the instant offense (D.E. 354). Nothing has occurred since then to reduce the risk of recidivism posed by this defendant.

Conclusion

The defendant's motion for sentence reduction should be denied because there is no legal basis on which it could be granted.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   /s Frank H. Tamen
      FRANK H. TAMEN
      Assistant United States Attorney
      Florida Bar No. 0261289
      99 NE 4th Street, Ste. 700
      Miami, Florida 33132
      Tel: (305) 961-9022
      Fax: (305) 536-7213
      Frank.Tamen@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2022, I mailed a copy of this Response to William Lozano-Bustos, Reg. No. 64386-004 at FCI Butner Low, Federal Correctional Institution, P.O. Box 999, Butner, NC  27509.

By:   /s/ Frank H. Tamen
      Frank H. Tamen
      Assistant United States Attorney